E-FILED
Monday, 15 May, 2006  11:03:05 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

```
UNITED CIVIL LIBERTY UNION,      )
by way of, JASON EDWARD COHEE,   )
                                 )
         Plaintiff,              )
                                 )
    v.                           )   No. 06-1056
                                 )
UNITED STATES OF AMERICA,        )
                                 )
         Defendant.              )
```

### **O R D E R**

Before the Court is the Application to Proceed Without Prepayment of Fees and Affidavit ("Application") [Doc. #1-1] and attached Complaint [Doc. #1-2] filed by Jason Edward Cohee ("Cohee") on behalf of the United Civil Liberty Union ("UCLU"). For the reasons that follow, the Court will deny the Application and dismiss the instant Complaint.

It is well-settled that an organization or union (deemed to be an artificial entity) cannot proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915, nor can it represent itself *pro se*. See Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993) (holding that "only a natural person can qualify for treatment *in forma pauperis* under § 1915" and that artificial entities "may appear in the federal courts only through licensed counsel"); see also Muzikowski v. Paramount Pictures Corp., 322 F.3d 918, 924 (7th Cir. 2003) (holding that a non-profit

corporation cannot represent itself *pro se*). Here, the IFP Application and Compliant in this action was filed by Cohee on behalf of UCLU. However, Cohee cannot represent UCLU because he is not a licensed attorney. See Rowland, 506 U.S. at 202; Muzikowski, 322 F.3d at 924. Therefore, this Court must deny the IFP Application and dismiss the instant Complaint because UCLU is not represented by counsel. See Muzikowski, 322 F.3d at 924.

Moreover, although the instant Complaint is border-line incoherent and some-what confusing, even after a liberal reading of the Complaint it does not appear to this Court that Cohee is attempting to assert any claims in his individual capacity. See Vanskike v. Peters, 974 F.2d 806, 807 (7th Cir. 1992) (stating that *pro se* allegations must be liberally construed). This conclusion is further bolstered by the following statement contained therein:

> We the people of the United Civil Liberties Union, (UCLU), have given express permission for our founding father, plaintiff of record, Jason Edward Cohee, to attempt to validate our concerns at the judicial level.

[Complaint at pg. 3, Doc. #1-2]. In addition, the various claims asserted in the Complaint are brought in the name of the UCLU.

Even assuming arguendo, that Cohee has inartfully attempted to plead claims in his individual capacity, this suit must

nevertheless be dismissed for lack of standing. As the Seventh Circuit has carefully explained:

> The Constitution confines the federal judicial power to "Cases" or "Controversies." U.S. Const. Art. III, § 2. Implicit in that limitation is the requirement that the party invoking the court's jurisdiction have standing. Broadly speaking, standing turns on one's personal stake in the dispute. In order to establish that interest, the plaintiff must show that: (1) [he] has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.
> A plaintiff's claim might satisfy each of these Article III criteria and yet run afoul of judicially-imposed, prudential limitations on standing. The injury that [he] claims, for example, may be one that is indistinct from effects felt by many or all citizens, depriving [him] of a unique stake in the controversy. [His] claim may rest on the legal rights of third parties, rather than [his] own. Or [his] interest, although real, may not fall within the zone of interests protected by the statute [he] invokes. Using these prudential considerations, "the judiciary seeks to avoid deciding questions of broad social import where no individual rights would be vindicated and to limit access to the federal courts to those litigants best suited to assert a particular claim."

<u>Kyles v. J.K. Guardian Sec. Servs.</u>, 222 F.3d 289, 293-94 (7th Cir. 2000) (internal quotations and citations omitted).

Here, Cohee has alleged no facts which would indicate that he has a "personal stake" in any of the various claims asserted in the Complaint. Although the Complaint has been drafted in an incoherent fashion, the Court can glean at least five claims stated therein.

The first claim appears to seek the impeachment of President George W. Bush and alleges that under the so-called "Bush doctrine initiation," President Bush ordered his subordinates to engage in acts of torture in violation of the Alien Tort Claims Act ("ATCA")[1], 28 U.S.C. § 1350, and the Torture Victim Protection Act of 1991 ("TVPA")[2], 28 U.S.C. § 1350, *note*, §§ 1-3; as well as acts of "cruel and unusual punishment" in violation of the Eighth Amendment of the United States Constitution.  In conjuncture with this allegation, the second claim asserts that 13 Central Intelligence Agency ("CIA") officers (otherwise known as President Bush's subordinates), are wanted by the Italian Republic for engaging in illegal acts of torture and "Domestic Violence" and seeks the issuance of arrest warrants and the extradition of these agents to Italy.

---

[1] The ATCA provides:
   The district courts shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States.

28 U.S.C. § 1350.

[2] The TVPA provides:
   An individual who, under actual or apparent authority, or color of law, of any foreign nation . . . subjects an individual to torture shall, in a civil action, be liable for damages to that individual; or . . . subjects an individual to extrajudicial killing shall, in a civil action, be liable for damages to the individual's legal representative, or to any person who may be a claimant in an action for wrongful death.

28 U.S.C. § 1350, *note*, § 2(a).

Cohee, however, does not explain when or where these alleged acts of torture and "Domestic Violence" supposedly occurred.  Further, he does not allege that he, nor anyone he knows, was a victim of the alleged acts of torture and "Domestic Violence".  In addition, the ATCA, the TVPA, and the Eighth Amendment provide no individual right to sue for general grievances or to assert the claims of third parties who are wholly unrelated to the plaintiff.  Therefore, Cohee has not suffered a "concrete and particularized" "injury in fact" which would confer upon him a "personal stake in the dispute."  See Kyles, 222 F.3d at 294.

The third claim in the Complaint alleges that "[t]he State of Illinois owes a death benefit to the individuals engaged in Combat overseas in Iraq" under the Illinois Line of Duty Compensation Act, 820 ILCS 315/3, in the amount of $259,038 for each "Armed Forces member killed in the line of duty." [Complaint at pgs. 4-5, Doc. #1-2].  Here, Cohee is again attempting to assert claims on behalf of third parties who are wholly unrelated to him.  He does not allege that he even knows any "Armed Forces member[s] killed in the line of duty."  See id.  In fact, he does not even know whether these death benefits are indeed being paid out or not, as is apparent by his question contained in the Complaint -- "Are those grieving families being compensated??"  See id.  Moreover, he cannot show that the

5

alleged "injury is fairly traceable to the challenged action of the defendant" -- the United States of America -- as his claim is against the State of Illinois.  See Kyles, 222 F.3d at 294.

The fourth claim in the Complaint "makes a third party request, for a writ of Habeas Corpus intervention, for those detained at Guantanamo Bay prison, Cuba."  However, again Cohee is not a licensed attorney and cannot file writs of habeas corpus on behalf of detainees that he does not even know.  See id.

The last claim in the Complaint appears to allege in general, possible acts of warrantless wiretapping in violation of both federal and state constitutional and statutory provisions.  This claim, however, reads more like an essay on warrantless wiretapping and its role on the diminishing value of the term "liberty" contained within the Due Process Clause of the Fourteenth Amendment, rather than an actual allegation of warrantless wiretapping.  In any event, Cohee does explain when or to whom these alleged acts of warrantless wiretapping occurred.  Therefore, Cohee again has not suffered a "concrete and particularized" "injury in fact" which would confer upon him a "personal stake in the dispute."  See id.

As such, Cohee has no standing to sue under any of the above claims because he has failed to "allege an actual case or controversy within the meaning of Article III."  See Massey v.

6

<u>Helman</u>, 196 F.3d 727, 739 (7th Cir. 1999) (internal quotations omitted).

Finally, "because the instant Complaint is to be dismissed, it is unnecessary to decide whether to certify this case as a class action. See Fed. R. Civ. Pro. 23(c). The Court, however, will point out that pro se litigants are routinely denied class certification because they are unable to 'fairly and adequately protect the interests of the class.'" <u>Wisely v. Ill. Dep't of Children & Family Servs.</u>, No. 05-1364, 2005 U.S. Dist. LEXIS 35667 (C.D. Ill. Dec. 16, 2005) (citing Fed. R. Civ. Pro. 23(a)(4)); <u>see also</u> <u>United States ex rel. Lu v. Ou</u>, 368 F.3d 773, 775 (7th Cir. 2004) (stating that members of a class are forbidden to be represented by nonlawyers).

IT IS THEREFORE ORDERED that Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit [Doc. #1-1] is DENIED and the attached Complaint [Doc. #1-2] is DISMISSED.

CASE TERMINATED.

Entered this <u>12th</u> day of May, 2006.

_/s/ Joe B. McDade_<br>
JOE BILLY McDADE<br>
United States District Judge